

# NUMBERS 13-09-00343-CR AND 13-09-00344-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ROBERT GRAY AKA ROBERT BECKER,**             **APPELLANT,**

**v.**

**THE STATE OF TEXAS,**              **APPELLEE.**

### On appeal from the 94th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Vela
### Memorandum Opinion Per Curiam

Appellant, Robert Gray aka Robert Becker, attempted to perfect an appeal from a conviction for failure to comply with registration requirements. We dismiss the appeals for want of jurisdiction.

Sentences were imposed on September 24, 2008.  No motions for new trial were filed.  Notices of appeal were filed on May 1, 2009.  On December 3, 2009, the Clerk of this Court notified appellant that it appeared that the appeals were not timely perfected.  Appellant was advised that the appeals would be dismissed if the defects were not corrected within ten days from the date of receipt of the Court's directive.  On December 8, 2009, counsel filed a letter with this Court.  Counsel's response does not correct the defect or otherwise establish jurisdiction.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed.  TEX. R. APP. P. 26.2(a)(1).  The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.  *See id.* 26.3.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal.  *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  "When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court  lacks jurisdiction."  *Olivo*, 918 S.W.2d at 522.   Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction.  *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant's notice of appeal, filed more than six months after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal.  *See Slaton*,

2

981 S.W.2d at 210. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeals are DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed
the 14th day of January, 2010.